IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Phillip Miles, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-CV-1012 |
| Charles Rogers, Michael McCoy, Joseph Needham, and Peoria County, Illinois | ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons below, the Court recommends that the motion be granted in part and denied in part.

**Standard**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or challenges to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in

the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004). To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The allegations need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, (7th Cir. 2008)(quoted and other citations omitted).

## Allegations

These allegations are set forth as true and taken from the Complaint and from Plaintiff's Response (d/e 9), to the extent the additional allegations in the response are consistent with the Complaint. Hrubec v. National Railroad Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992).

Plaintiff lives in his mother's house, which he leases from her. (Complaint para. 9; d/e 9, p. 1). Plaintiff cares for his elderly mother's personal needs, while his sister handles their mother's financial affairs. (Complaint para. 8; Plaintiff's Response, d/e 9 pp. 1, 9). Plaintiff's sister and her husband live in a house adjacent to Plaintiff's residence. (Complaint para. 3; d/e 9, p.2). The two houses share a common driveway and a gasoline tank. (d/e 9, p.2).

On or about December 2005, Plaintiff's sister and her husband each obtained separate orders of protection against Plaintiff, directing him to stay away from them and from their residence. (Complaint paras. 12-13). Plaintiff alleges in his Complaint that the order of protection regarding his sister was "modified on January 3, 2006, to allow plaintiff to be around [his sister] and his mother, . . . so long as he complies with his written agreement with [his sister] and the Order of Protection." (Complaint para. 13). According to Plaintiff's Response, the modified order of protection allowed him to access the common area of the property on which the houses sit, (Plaintiff's Response, d/e 9, p. 8), which includes the driveway and gas tank. (Complaint para. 9).

On the evening of January 9, 2006, Plaintiff filled a vehicle with gas from the gas tank and went to his residence. (Complaint para. 14). Later that evening, Defendant Rogers, a Peoria County Sergeant, and another deputy entered Plaintiff's residence without Plaintiff's consent. Sergeant Rogers told Plaintiff that his sister had authorized entry. Sergeant Rogers then arrested Plaintiff for violating the protection order. Rogers had no arrest warrant and, Plaintiff maintains, lacked probable cause to believe that Plaintiff had violated the protection order. (Complaint, paras. 14, 25; Plaintiff's Response, d/e 9, pp. 8, 11). Plaintiff was taken to the Peoria County Jail where he was incarcerated.

Plaintiff's counsel retained a private investigator to investigate Plaintiffs' arrest. The private investigator tried to obtain records of Plaintiff's arrests and incarcerations from Peoria County Jail, completing a Freedom of Information Act request form as instructed by Jail employees. (Complaint paras. 15-16). His request was refused and he was unable to obtain the documents. (Complaint para. 17). "The denial of this legitimate request for records of plaintiff's incarceration has shielded key facts of this claim and wrongdoing by employees or officers of the Sheriff of Peoria County." (Complaint para. 18).

## Analysis

### I. Fourth Amendment

#### A. Subject Matter Jurisdiction

Defendants contend that Plaintiff's claim that he was arrested without probable cause is implicitly based on an argument that it was impossible for Plaintiff to comply with the order of protection. Defendants conclude that Plaintiff is therefore challenging the validity of the order itself, which is precluded by the *Rooker-Feldman* doctrine.

> The *Rooker-Feldman* doctrine precludes federal courts from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). . . . Under this doctrine, federal courts are precluded from hearing cases where the federal action is "inextricably intertwined" with the state court judgment.

Hemmer v. Indiana State Bd of Animal Health, --- F.3d ----, 2008 WL 2673111 *3 (7th Cir. 2008)(other citations omitted); Beth-El All Nations Church v. City of Chicago, 486 F.3d 286, 292 (7th Cir.2007).

The Court does not read the Complaint as challenging the order of protection. Plaintiff does not allege in his Complaint that it was impossible for him to comply with the order of protection, nor do the allegations compel

that inference. Plaintiff's response clarifies that he is not challenging the order but instead challenging Sergeant Rogers' probable cause to believe that Plaintiff was violating the order. Plaintiff adds allegations in his response that the order of protection allowed him to use the common areas. (Plaintiff's Response, d/e 9, p. 8)("Miles' claim embraces the State Protective Order. He alleges the January 3, 2006 version in force at the time of his January 9, 2006 arrest allowed him access to the common areas of the adjoining property."). These additional allegations are properly considered because they are not inconsistent with those in the Complaint. Accordingly, as presently framed, Plaintiff is not challenging the terms of the protective order and the *Rooker-Feldman* doctrine is inapplicable. *See, e.g.,* Reynolds v. Jamison, 488 F.3d 756, 765 (7th Cir. 2007)(example of false arrest claim based on allegation that officer lacked probable cause that arrestee was violating protective order).

### B. Probable Cause

Defendants argue that Plaintiff fails to allege that Sergeant Rogers lacked probable cause to believe Plaintiff had committed a crime, (d/e 9, p. 11), but, as discussed above, Plaintiff alleges just that. The Court cannot conclude on the pleadings that Sergeant Rogers had probable

cause to believe Plaintiff was violating the order.  Reynolds, 488 F.3d at 765 (existence of probable cause defeats false arrest claim, but determination of probable cause depends on facts and circumstances within officers' knowledge at time of arrest).  The order is not in the record, nor are all the facts and circumstances within Sergeant Reynold's knowledge at the time of the arrest.  As alleged, Plaintiff was not violating the plain language of the order, which purportedly allowed him to use the common areas and, presumably, the gas tank.  The probable cause determination must await further factual development.

### C. Consent

Defendants next argue that Plaintiff's sister had actual or apparent authority to consent to the entry of Sergeant Rogers into Plaintiff's residence to arrest him and to search the residence.  (d/e 4, p. 10).  It is not clear if Plaintiff is claiming that his residence was searched.  He does refer to a search in his response (d/e 9, p. 10), but his Complaint refers only to the entry into his home to arrest him for his Fourth Amendment claim.  (Complaint para. 25).  Either way, the Court's Recommendation remains the same.

"In the absence of an arrest warrant, consent or exigent circumstances permit officers to enter a residence to effectuate an arrest." U.S. v. DiModica, 468 F.3d 495 (7th Cir. 2006), *citing* Sparing v. Village of Olympia Fields, 266 F.3d 684, 688 (7th Cir.2001)(police officer's entry into home to effect arrest without warrant violated Fourth Amendment, where officer did not obtain consent).  This is the rule even if the officers have probable cause for the arrest.  Sparing, 266 F.3d at 688-89.

Defendants argue that Plaintiff's sister had actual or apparent authority to consent to Sergeant Roger's entry into Plaintiff's residence, but the allegations do not compel that conclusion.  Plaintiff's sister did not live in Plaintiff's residence, which Plaintiff was leasing from his mother.  At this point is not clear what authority the sister had to consent to entry, even if she was responsible for her mother's financial affairs.  If the sister was akin to a landlord, she may not have had that authority.  U.S. v. Brown, 328 F.3d 352, 356 n. 4 (7th Cir. 2003)("'A landlord does not have authority to permit a search of his tenant's leasehold, and the same holds true for a tenant and his subtenant. Use of and access to the property are the touchstones of authority.'")(*quoting* United States v. Chaidez, 919 F.2d 1193, 1201 (7th Cir.1990)).  Defendants' argument is premature.

## II. Access to the Courts

Plaintiff asserts that Sheriff McCoy and Chief Deputy Needham have a policy of denying legitimate requests for incarceration records, in an effort to deprive Plaintiff and others of their right to access the courts and to petition for redress of grievances. (Complaint para. 26). Plaintiff also asserts that the policy denied him "substantive and procedural due process of law of the Fourteenth Amendment . . . by intentionally shielding the key facts of Sheriff's Department wrongdoing from plaintiff." (Complaint para. 26).

> The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process.

Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004).

To state an access claim, Plaintiff must identify how the alleged misconduct actually prejudiced his claims. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher v. Harbury, 536 U.S. 403, 416 (2002); Pratt v.

Tarr, 464 F.3d 730, 732 (7th Cir. 2006)(discussing need to plead prejudice in access-to-courts claim for purposes of giving notice of injury suffered).

Plaintiff identifies no actual prejudice to his claims, nor does any inference of prejudice arise from the allegations. Plaintiff did not need his Jail records to discover his claims or pursue them. He already had personal knowledge of the facts surrounding his arrest. His incarceration records may be relevant and discoverable, but their absence has not affected his ability to pursue this case.

Plaintiff contends that his investigator was "not told of a waiting period for compliance with FOIA request. He was definitively told after submitting the FOIA request that he could not obtain the records." (D/e 9, p. 13). The Court does not understand how this affected Plaintiff's constitutional right to access the court and petition for redress. The Jail's wrongful denial of a request for information, does not, by itself, violate Plaintiff's constitutional right to petition for redress or access the courts.[1] As discussed above, the lack of Jail records did not prevent Plaintiff from

---

[1] The Court does not understand Plaintiff to be pursuing relief under the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq.,* (the federal FOIA applies only to federal agencies, 5 U.S.C. § 551). In any event, the Court agrees with Defendants that he would need to follow the statutory procedure to do so. *See* 5 ILCS 140/9-11. Plaintiff's exhaustion arguments regarding Section 1983 are irrelevant because Defendants are not arguing exhaustion is required for constitutional claims, but rather for FOIA claims.

knowing about or bringing the claims he is pursuing here.

Similarly, the Court does not understand Plaintiff's allegation that the refusal to produce Plaintiff's incarceration records "shielded key facts of wrongdoing of the Sheriff's Department officers and employees . . . ." (Complaint para. 22). As discussed above, Plaintiff already has personal knowledge of the facts surrounding his arrest. He has alleged those facts and stated federal claims. The arrest and incarceration records might have enabled Plaintiff to allege more detail in his Complaint, but that detail was not necessary for him to state claims, nor was it necessary for him to know his claims existed. Cf. Vasquez v. Hernandez, 60 F.3d 325, 328 (7th Cir. 1995)("when police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged.").

The only potential injury suggested is that Plaintiff's counsel "was unable to determine the date of arrest for statute of limitations purposes." (d/e 9, p. 14; Complaint para. 18 ("the only confirmation of the date of arrest available to plaintiff is in the records of the Order of Protection proceedings . . . ."). Yet the inability to confirm the date of the arrest through Jail records does not allow an inference of a lost remedy. This

case has not been dismissed on statute of limitations grounds. Even assuming, arguendo, that Defendants' conduct somehow precluded Plaintiff from determining the date of his arrest and, as a consequence, prevented him from timely filing this case[2], Plaintiff would then have an argument for equitable tolling of the statute of limitations, not an access-to-the-courts claim. The injury, as it relates to an access claim, would not arise unless and until his case was dismissed on statute of limitations grounds.[3]

In short, the Jail employees' refusal to produce the records does not amount to a constitutional violation. Since there is no constitutional violation, there can be no constitutional claim against Sheriff McCoy and Chief Deputy Needham for the alleged policy that caused the refusal. The Court therefore need not address the other arguments for dismissal of McCoy and Needham.

---

[2] Plaintiff should have personal knowledge of the date his own arrest, but that is beside the point. The point is that Plaintiff has not suffered any prejudice to his claims.

[3] The Court is not saying that Plaintiff would definitively have an access claim at that point.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted in part and denied in part (d/e 3).  The Court recommends dismissal of Plaintiff's constitutional claims based on the alleged wrongful refusal to provide copies of Plaintiff's records of arrest and incarcerations (Complaint para. 26, asserting access-to-courts claim, First Amendment claim and Fourteenth Amendment claim).  Since Defendants McCoy and Needham are implicated in this claim only, the Court RECOMMENDS that Defendants McCoy and Needham be dismissed.  The Court LASTLY RECOMMENDS that Defendant's motion to dismiss be denied in all other respects.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    July 15, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE